UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK
------------------------------------------------------ X
                                   :

EVILLE VARGAS,                   :
                                   :

               Plaintiff,    :         __MEMORANDUM__
                                   :    __OPINION AND ORDER__

     - against -          :
                                   :    09 Civ. 8981 (SAS) (THK)

JOHN CIARLETTA, EDDIE ST.   :
BERNARD, WILLIAM SERRANO,   :
RONNIE ROSARIO, DENISE     :
ROBINSON, DARRYL LAGO,     :
JOHN DOE #1 and JOHN DOE #2,  :
                                   :

              Defendants.   :
------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/10

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

          Eville Vargas brings this action against six named and two unnamed Depart of Corrections officers for allegedly assaulting him in violation of his Constitutional rights.  Vargas now moves to amend his Complaint to name the previously unnamed officers, and also moves for an extension of time to complete service on the two named officers not previously served.  For the following reasons, Vargas's motion to amend is denied, and his motion for additional time to complete service is granted.

## II.   BACKGROUND

On October 26, 2009, Vargas filed this action pursuant to Section 1983 of Title 42 of the United States Code, alleging that on January 17, 2007, he was illegally and brutally assaulted by a number of Department of Corrections officers.[1]  His Complaint listed six named officers (John Ciarletta, Eddie St. Bernard, William Serrano, Ronnie Rosario, Denise Robinson, and Darryl Lago) and two unnamed officers (John Does #1 and #2) as defendants.  Because Vargas was incarcerated, the U.S. Marshals served his Complaint on Ciarletta, Rosario, Robinson, and Lago.[2]  However, because St. Bernard and Serrano had retired, they could not be located at that time and neither were served.[3]

On March 19, 2010, this Court ordered defendants' counsel to help Vargas locate the two retired defendants and identify the two unnamed defendants.[4]  Further, this Court ordered Vargas to serve the Complaint on the remaining defendants within sixty days of obtaining this information.[5]

---

[1]    *See* Complaint ¶¶ 24-35.

[2]    *See* Docket Nos. 8-11.

[3]    *See* Endorsed 3/19/10 Notice of Motion for Extension of Time to Serve, at 1.

[4]    *See id.* at 2.

[5]    *See id.*

2

Accordingly, on April 1, 2010, defendants' counsel provided Vargas with the addresses of the two retired defendants and a number of documents enabling him to identify the two John Doe defendants.[6]

On September 10, 2010, Vargas moved to amend his Complaint to replace the two John Doe defendants with two officers he identified from the documents.[7] Further, because the June 1, 2010 court-ordered deadline to serve the retired defendants had expired and they had not yet been served, Vargas also moved for additional time to complete service.[8]

## III.   APPLICABLE LAW

### A.   Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he Court should freely give leave [to amend] when justice so requires."[9] However, "in determining whether leave to amend should be granted, the district

---

[6]       *See* 9/28/10 Letter from Defendants to the Court in Opposition to Plaintiff's Motion to Amend at 2.

[7]       *See* 9/10/10 Motion for Leave to Amend and Extension of Time ("Pl. Motion") at 1.

[8]       *See id.*

[9]       Fed. R. Civ. P. 15(a)(2).

3

court has discretion to consider . . . the apparent 'futility of amendment.'"[10] Specifically, if the claims the plaintiff seeks to add would be barred by the applicable statute of limitations, amendment would be futile and leave to amend should be denied.[11]

Claims added subsequent to the expiration of the statute of limitations may still be timely, however, if they "relate back" to the date the original complaint was filed.[12]  Rule 15(c) states, in relevant part, that where "the amendment changes the party or the naming of the party against whom a claim is asserted," relation back is allowed if the party to be brought in by amendment "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."[13]

With regard to mistaken identity, the Second Circuit has held that defendants who were not named due to the plaintiff's lack of knowledge of their

---

[10]   *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[11]   *See id.* (quotation marks and citations omitted).

[12]   *See* Fed. R. Civ. P. 15(c).

[13]   *Id.*

identities are not "mistaken" parties within the meaning of Rule 15(c)(3)(B).[14]
Rather, "[this] rule is meant to allow an amendment changing the name of a party
to relate back to the original complaint only if the change is the result of an error,
such as a misnomer or misidentification."[15]  In sum, "Rule 15(c) does not allow an
amended complaint adding new defendants to relate back if the newly-added
defendants were not named originally because the plaintiff did not know their
identities."[16]

### B.    Timing of Service

Federal Rule of Civil Procedure 4(m) states, in relevant part, that "[i]f
a defendant is not served within 120 days after the complaint is filed, the court . . .
must dismiss the action without prejudice against that defendant or order that
service to be made within a specific time."[17]  However, "if the plaintiff shows good
cause for the failure, the court *must* extend the time for service for an appropriate
period."[18]  To determine whether a plaintiff has shown good cause under Rule

---

[14]     *See Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469-70 (2d Cir. 1995).

[15]     *Id.* at 469.

[16]     *Id.* at 470.

[17]     Fed. R. Civ. P. 4(m).

[18]     *Id.* (emphasis added).

4(m), courts generally consider whether "(1) the plaintiff made reasonable efforts to serve the defendant, and (2) the defendant was prejudiced by the delay in service."[19]  At the same time, a showing of good cause is not necessarily even required for a time extension — "district courts have discretion to grant extensions even in the absence of good cause."[20]

## IV.  DISCUSSION

### A.    Leave to Amend

"'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party constitutes a change in the party sued."[21]  Therefore, unless Vargas's proposed amendment either falls within the applicable statute of limitations or relates back to his original Complaint, his proposed amendment is futile and leave to amend should be denied.

The statute of limitations on claims brought under section 1983 "is found in the general or residual state statute of limitations for personal injury

---

[19]     *Spear v. Hugles*, No. 08 Civ. 4026, 2009 WL 2176725, at *2 (S.D.N.Y. July 20, 2009) (quotation marks and citations omitted).

[20]     *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

[21]     *See Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (quotation marks and citations omitted).

6

actions."[22]  With regard to Vargas's claim, the relevant statute of limitations is

three years.[23]  Because Vargas filed his motion to amend on September 10, 2010,

or approximately eight months after the statute of limitations for his claim expired,

his proposed amendment is time barred.

Further, Vargas's proposed amendment cannot relate back, because he

did not made a mistake in identifying any party.  Rather, he seeks to add "new

names . . . to correct a lack of knowledge."[24]  Therefore, because his proposed

amendment would be futile, leave to amend is denied.  As harsh as this rule might

seem, statutes of limitations always act to bar claims, and Vargas assumed this risk

when he decided to file his action a mere two and a half months before the statute

of limitations deadline.

B.    **Timing of Service**

Vargas asked the Pro Se Office for materials to serve the retired

---

[22]     *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quotation
marks, citations, and alterations omitted).

[23]     *See id.* (citing N.Y.C.P.L.R. § 214(5)).  *Accord Dominguez v. City of
New York*, No. 10 Civ. 2620, 2010 WL 3419677, at *1 (E.D.N.Y. Aug. 27, 2010).

[24]     *Barrow*, 66 F.3d at 470.

7

defendants promptly upon discovering their addresses,[25] and attempted to follow up his request with the Office a month and a half later after he received no response.[26] In light of his pro se status and incarceration, I find that he has made reasonable efforts to serve the retired defendants. Vargas has shown good cause for the delay and is therefore entitled to a time extension to serve defendants St. Bernard and Serrano.

## V.    CONCLUSION

For the foregoing reasons, Vargas's motion to amend is denied, and his motion for additional time to complete service is granted. The Pro Se Office is directed to provide Vargas with the materials requested in his April 20, 2010 letter, and Vargas is directed to prepare and deliver these materials for service within thirty days after receipt of the materials. The Clerk of the Court is directed to close this motion (docket # 24). A conference is scheduled for Wednesday, January 19, 2011, at 4:30 PM.

---

[25]    *See* 4/20/10 Letter from Plaintiff to Pro Se Office, attached to Pl. Motion.

[26]    *See* 6/2/10 Letter from Plaintiff to Pro Se Office, attached to Pl. Motion.

8

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            November 4, 2010

9

**-Appearances-**

**Plaintiff (Pro Se):**

Eville Vargas
#07-A-6064
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, New York 12733

**Counsel for Defendants:**

Ryan G. Shaffer
Assistant Corporation Counsel
The City of New York Law Department
100 Church Street
New York, New York 10007
(212) 788-1041

10